IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**LARRY DUANE GREEN**,<br>[DOB: 06/25/1969]<br><br>　　　　　Defendant. | No. 24-05019-01-CR-SW-MDH<br><br>**COUNT 1**<br>18 U.S.C. § 1343<br>NMT 20 Years Imprisonment<br>NMT $250,000 Fine<br>NMT 3 Years Supervised Release<br>Class C Felony<br><br>**FORFEITURE ALLEGATION**<br>18 U.S.C. §§ 981(a)(1)(C) &<br>982(a)(2)(B), 28 U.S.C. § 2461<br><br>$100 Special Assessment |

## INFORMATION

**THE UNITED STATES ATTORNEY CHARGES THAT:**

### Background

At all times material to this Information:

1. The defendant, **LARRY DUANE GREEN** (hereinafter **GREEN**), was a customer of the Phillips 66 fuel station located at 3308 East 32nd Street, Joplin, Newton County, Missouri, within the Western District of Missouri between July 22, 2022, and August 18, 2022, said dates being approximate.

2. **GREEN** would regularly enter the Phillips 66 fuel station and presented credit cards and credit card numbers for the purpose of purchasing Missouri Lottery tickets.

3. Upon purchasing the Missouri Lottery tickets, if the ticket won a cash prize, the lottery ticket purchased by **GREEN** would then be presented by others to the Missouri Lottery Commission Office to receive the money award for the winning ticket.

## The Scheme

4. From on or about July 22, 2022, and continuing until on or about August 18, 2022, said dates being approximate, in Newton County, within the Western District of Missouri, and elsewhere, the defendant, **LARRY DUANE GREEN**, devised a scheme and artifice to defraud and obtain money from a Phillips 66 fuel station and the Missouri Lottery Commission, by using stolen credit card numbers to purchase Missouri Lottery tickets, by means of materially false and fraudulent pretenses, representations and promises. The scheme was as follows:

5. It was a part of the scheme that **GREEN** would obtain credit card numbers that he knew to be stolen from others that he associated with.

6. **GREEN** would then take the stolen credit card numbers and enter the Phillips 66 fuel station to purchase lottery tickets with the Missouri Lottery.

7. Upon conducting the transaction, **GREEN** would receive tickets for an opportunity to win a cash prize with the Missouri Lottery.

8. The credit card transactions conducted by **GREEN,** without the authority of the legitimate card holder, would lead to a purchase of lottery tickets from the Missouri Lottery Commission, which would occur over a wire transmission from Joplin, Newton County, Missouri, where **GREEN** was located, to the numerous credit card provider

locations outside the state of Missouri, therein traveling in interstate commerce using a wire transmission to transmit the transaction.

9. **GREEN** would enlist the help of others to contact the Missouri Lottery Commission office to obtain cash prizes for those lottery tickets that were fraudulently purchased using stolen credit card numbers.

10. Those individuals enlisted by **GREEN** to obtain the fraudulently purchased Missouri Lottery ticket winnings would then take the cash prize, turning over a portion of the money to **GREEN** and his confederates.

11. **GREEN** used the stolen credit card numbers to purchase 1957 Missouri Lottery tickets with a value of $62,082.50 between July 22, 2022, and August 18, 2022.

12. **GREEN,** along with others, received cash prizes in the amount of $54,248.00 from the Missouri Lottery tickets purchased using stolen credit card numbers during such time.

13. Ultimately, **GREEN** and his confederates used stolen credit card numbers to falsely purchase Missouri Lottery tickets and received cash prizes for winning tickets, that were received upon the ticket being presented to the Missouri Lottery Commission. In total between the fraudulent credit card transactions and the prize money fraudulently received, **GREEN** and others fraudulently received $116,330.50.

### COUNT 1
### 18 U.S.C. § 1343
### (Wire Fraud)

14. The allegations set forth in paragraphs 1 through 13 are herein incorporated in full.

15. From on or about July 22, 2022, and continuing until on or about August 18, 2022, said dates being approximate, in Newton County, in the Western District of Missouri and elsewhere, the defendant, **LARRY DUANE GREEN**, devised, executed and participated in a scheme or artifice to defraud a Phillips 66 fuel station and the Missouri Lottery Commission, and to obtain monies, funds and other property owned by, or under the custody or control of a Phillips 66 fuel station and the Missouri Lottery Commission, by means of materially false and fraudulent pretenses, representations, and promises, as is more particularly described in the paragraphs above.

16. On or about August 18, 2022, said date being approximate, in Newton County, in the Western District of Missouri, and elsewhere, **LARRY DUANE GREEN,** the defendant, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce signals and sounds, specifically, the transmission of electronic signals that conducted a specific transmission in the amount of $480.00 in fraudulent credit card transaction using stolen credit card with an account number ending in XXXX5536 to purchase Missouri Lottery tickets with a credit card company located outside the state of Missouri, at the Phillips 66 Fuel Station, located in Joplin, Newton County, Missouri, that then paid for the fraudulently obtained lottery tickets.

17. All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

18. The allegation of Count 1 in this Information is hereby repeated and re-

alleged as if fully set forth herein for the purpose of alleging forfeiture to the United States pursuant to the provision of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

19. The property, real and personal, of the defendant, **LARRY DUANE GREEN**, obtained, directly or indirectly, as a result of the violation of law set out in Count 1 of this Information and which constitutes, is derived from, and is traceable to the proceeds obtained directly or indirectly from the criminal conduct alleged in Count One of this Information, is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C).

20. Specifically subject to forfeiture is a monetary judgment that constitutes the sum of the aggregate proceeds of the fraudulent scheme, which totals at least $116,330.50 in United States Currency that resulted directly from the commission of the offense alleged in Count 1.

21. If any of the property described in the above paragraph, as a result of any act or omission of the defendant,

    (A) cannot be located upon the exercise of due diligence;

    (B) has been transferred to, sold to, or deposited with a third person;

    (C) has been placed beyond the jurisdiction of the Court;

    (D) has been substantially diminished in value; and/or

    (E) has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section

853(p), which is incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 20 as being subject to forfeiture.

        Respectfully submitted,
        TERESA A. MOORE
        United States Attorney

        /s/ Patrick Carney
        PATRICK A. N. CARNEY
        Assistant United States Attorney

DATED: 4/15/2024
Springfield, MO